# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL LAROY SIMPSON, )
)
Plaintiff, )
)
v. ) No. CIV 07-041-RAW-SPS
)
JUSTIN JONES, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion for summary judgment. The court has before it for consideration plaintiff's complaint [Docket #1], his supplement to the complaint [Docket #16], the defendants' motion [Docket #27], plaintiff's responses [Docket #28, 32, and #37], and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) [Docket #26].

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking relief for alleged constitutional violations at that facility. The defendants are DOC Director Justin Jones, OSP Unit Manager Darrel Wilson, and OSP Case Manager Kristi Munholland.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official

Plaintiff alleges in Counts 1 and 2 that the defendants have retaliated against him for the "whistle-blowing" grievances he has filed against Defendants Wilson and Munholland for their improper and illegal actions. In Count 2 plaintiff claims he lost his Level 2 status because of an alleged rule violation, and his level status was not restored, because he had filed grievances about the staff. Plaintiff asserts in Count 3 that he is denied a job and the privileges he should receive as a Level 2 inmate. He also contends he should have been restored to earned credit Level 2 status on October 25, 2006.

The defendants have moved the court for summary judgment, based on plaintiff's failure to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). For the reasons set forth below, the court finds plaintiff has failed to meet his burden to overcome the defendants' motion.

Pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS).

---

capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

If the complaint still is not resolved, he then may file a grievance. If the grievance does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The record shows that on June 7, 2006, plaintiff submitted a RTS requesting a promotion to Earned Credit Level 3, so he could receive additional earned credits toward his sentence. He also claimed the staff had retaliated against him for filing grievances, and he was incarcerated in a "racially prejudiced environment." The June 20, 2006, answer to the RTS explained that plaintiff could not be promoted to Level 3, unless he had a job or was participating in a program in which he received excellent evaluations. Plaintiff submitted a grievance on July 25, 2006, asking for a job, so he would qualify for Level 3. On September 1, 2006, the grievance was returned unanswered, because it was untimely, the issue previously had been addressed, and he had raised more than one issue.

On September 18, 2006, plaintiff was demoted from Earned Credit Level 2 to Level 1, pending investigation of a misconduct. On September 25, 2006, he was issued a misconduct for Disobedience to Orders when it was discovered that, in violation of DOC policy, he was using the mail system to solicit his girlfriend to send money to another inmate. A disciplinary hearing was held on October 11, 2006, and plaintiff was found guilty of an amended charge of Individual Disruptive Behavior. He was fined $5.00 and lost 60 earned credits.

On October 30, 2006, plaintiff submitted a RTS, asking for a promotion to Earned Credit Level 2. The October 31, 2006, response explained that reviews of earned credit levels were conducted every 120 days, and any reviews prior to the scheduled date were

discretionary. On November 30, 2006, plaintiff filed a grievance on this issue. The grievance was answered and denied on December 5, 2006, based on the reasons given in the answer to his RTS. Plaintiff attempted to appeal the grievance on December 18, 2006. It was returned unanswered, because he had submitted it out of time, and it addressed more than one issue.

According to the record, plaintiff's earned credit level was reviewed as scheduled, and on February 1, 2007, he was promoted to Earned Credit Level 2. On March 13, 2007, he submitted a RTS asking for immediate promotion to Earned Credit Level 3. The request was denied, because he was not eligible for Level 3. On April 24, 2007, plaintiff submitted a grievance directly to the DOC Director, instead of sending it to the warden/facility head as required by DOC policy. The Director's Designee responded to the grievance on May 1, 2007, advising that it would not be answered, because (1) the issue already had been addressed twice, (2) plaintiff had failed to follow instructions on submitting grievances, and (3) the grievance was written in red ink.

Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). "[A] claim that has been properly rejected by the prison grievance system on procedural grounds should be dismissed from the plaintiff's complaint with prejudice." *Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006). After careful review, the court finds plaintiff has failed to exhaust the administrative

4

remedies for any of his claims against the defendants.

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #27] is GRANTED, and this action is, in all respects, DISMISSED for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this 15th day of March 2008.

/s/ Ronald A. White
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE