# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 2 1 2008
William B. Guthrie
Clerk, U.S. District Court
By_____ Deputy Clerk

MICHAEL LAROY SIMPSON, )
)
        Plaintiff, )
)
v. ) No. CIV 07-041-RAW-SPS
)
JUSTIN JONES, et al., )
)
        Defendants. )

## OPINION AND ORDER

Plaintiff has filed a motion to reconsider [Docket #42] the court's Opinion and Order dismissing this action for failure to exhaust administrative remedies [Docket #40]. He alleges the court incorrectly found he had failed to exhaust his administrative remedies for Grievance #06-248 (also referenced as Grievance #06-1912).

The Federal Rules of Civil Procedure, however, "recognize no 'motion for reconsideration.'" *United States v, Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (quoting *Hatfield v. Board of County Commissioners for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

> Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b).

*Id. See also Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703-04 (10th Cir.1988) ("This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule

59(e)."). Here, the motion was filed within ten days of the entry of judgment, so it is construed as a motion to alter or amend a judgment, pursuant to Fed. R. Civ. P. 59(e).

**Grievance #06-120**

Plaintiff filed Grievance #06-120 in March 2006, complaining he had been denied employment at Oklahoma State Penitentiary since 2005 [Docket #42 at 14-15]. He alleged that he could not work in the food services department, because he had an "established medical problem." *Id.* at 14. He also complained he was unable to promote to Level 3 or 4 and to accumulate additional earned credits, because he was being denied a safe job. *Id.* at 14-15. The facility head's April 5, 2006, response to Grievance #06-120 stated the only job openings in plaintiff's unit were in the kitchen, and he was ineligible to work there [Docket #42 at 18]. Plaintiff was advised he could be placed on a job waiting list, but there already were many inmates on the list. *Id.* It is unclear from the record whether plaintiff properly appealed the denial of Grievance #06-120.

**Grievance #06-248 / 06-1912**

On June 7, 2006, plaintiff submitted a Request to Staff, asking to be placed at Earned Credit Level 3 without his having a job, because prison jobs were scarce [Docket #26-4 at 2-3]. The Request to Staff was denied on June 20, 2006, with an explanation that plaintiff had to be employed or participating in a program to promote to Level 3. *Id.* On or about July 25, 2006, plaintiff submitted Grievance #06-248 / 06-1912, alleging he was being denied his rights under the Eighth Amendment, DOC Policy OP-030123, and Okla. Stat. tit. 57, § 138, which sets forth the policy for awarding earned credits to inmates [Docket #26-3 at 2-3]. He specifically alleged he had been denied "the right to equal access to various programs and

2

work assignments as available in keeping with their (the inmates') eligibility, interests, needs, and abilities." *Id.* at 2. He also claimed he was being denied the opportunity to earn credits, and he had requested jobs and program participation at Oklahoma State Penitentiary at least since June 2005. *Id.* at 3. On or about August 2, 2006, the warden or his designee returned the grievance unanswered, because it concerned issues that had been addressed in a previous grievance, so it was not in compliance with DOC policy [Docket #42 at 8]. The response also stated that plaintiff had ten calendar days to submit a proper grievance. *Id.*

Instead of submitting a proper grievance, on or about August 29, 2006, plaintiff attempted to appeal Grievance #06-248 / 06-1912 to the DOC Director, arguing the warden was incorrect in his determination that the issues previously had been addressed in Grievance #06-120 [Docket #42 at 7]. On September 1, 2006, the DOC Director's Designee returned the grievance as untimely and for raising more than one issue: (1) request for job assignment, and (2) request to be assigned to Level 3 [Docket #26-6 at 2]. The returned grievance appeal indicates petitioner could resubmit a corrected grievance within ten days. *Id.* The record shows he failed to do so.

Plaintiff is arguing Grievance 06-248 / 06-1912 was timely filed, because when it was returned unanswered by the warden, it did not list untimeliness as a reason for its rejection [Docket #42 at 8]. He appears to be arguing the DOC Director's Designee was precluded from rejecting the grievance as untimely, because the warden did not include untimeliness as one of his reasons for not answering the grievance. The issue of timeliness, however, is not dispositive, because the Director's Designee's other reason for rejection was that the grievance included more than one issue [Docket #26-6 at 2]. In addition, plaintiff was given

3

ten days to file a proper grievance both times it was returned unanswered, but he failed to do so. Therefore, the court finds his claim that he exhausted his administrative remedies on Grievance #06-248 / 06-1912 is meritless.

The court further finds plaintiff's allegation that the warden changed the number on Grievance #06-248 to #06-1912 [Docket #42 at 4] also fails. According to the defendants, all grievances are assigned separate numbers for tracking by the facility and by the DOC [Docket #44 at 4]. The presence of two spaces for routine entry of the two codes on the grievance forms undermines plaintiff's claim that Defendant DOC Director Justin Jones changed the number "maliciously to sabotage plaintiff's right and ability to redress" [Docket #42 at 4].

Plaintiff also claims the handwritten dates on certain grievance documents were misrepresentations of the dates the documents actually were received by DOC officials [Docket #42 at 4-5]. Pursuant to the tracking procedures of the DOC Inmate/Offender Grievance Process, grievance documents are stamped with the date of receipt [Docket #27-2 at 8], and the documents in question have date stamps [Docket #42 at 7; Docket #42 at 19]. The court further finds that plaintiff's allegation that the defendants committed perjury in the special report regarding Grievance #06-248 [Docket #42 at 5] also is meritless. Contrary to his assertions, the special report included copies of documents concerning this grievance [Docket #26-3 at 2-3; Docket #26-6 at 2].

After careful review of plaintiff's motion pursuant to Rule 59(e), the court finds there is no basis for the court to alter or amend its Judgment in this case. ACCORDINGLY, plaintiff's motion to reconsider [Docket #42] is DENIED.

IT IS SO ORDERED this 21st day of August 2008.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**